SUSETTE BATCHELDER *vs.* ERNEST E. MUNROE & another.

Barnstable. October 3, 1956. — January 4, 1957.

Present: WILKINS, C.J., RONAN, SPALDING, WILLIAMS, & WHITTEMORE, JJ.

*Real Property*, Partition. *Probate Court*, Partition proceeding, Decree. *Words*, "Just and equal."

In the provision in G. L. (Ter. Ed.) c. 241, § 31, for distribution of the proceeds of a partition sale "so as to make the partition just and equal," the words "just and equal" mean just and equitable according to the respective rights of the interested parties. [218]

A decree in a partition proceeding ordering a sale of the property involved and distribution of the proceeds of the sale "in such a manner as to make the partition just and equal" should be modified by including an award of compensation out of the proceeds to one of the parties for improvements of the property in accordance with G. L. (Ter. Ed.) c. 241, § 23. [219]

PETITION for partition of land, filed in the Probate Court for the county of Barnstable on July 13, 1954.

The case was heard by *Sparrow*, J.

*James A. Vitelli*, for the respondents.

No argument nor brief for the petitioner.

WILKINS, C.J. The respondents, Ernest E. Munroe and Helen M. Munroe, husband and wife, appeal from a decree ordering partition of land with a building thereon in Wellfleet by sale at public auction for not less than $4,000. The evidence is reported.

Facts found by the judge or by ourselves are these. The petitioner owns one ninth, the respondents five sixths, and

Jay Walker Mead, trustee, one eighteenth, in lots 5 and 6, shown on "Plan of Wellfleet by the Sea in South Wellfleet, Mass. (Section 2) owned and for sale by A. H. Buffum Realty Co." which is recorded in Barnstable registry of deeds. This plan shows a large tract with many lots. At some date which does not appear the petitioner acquired one or more lots adjacent to the locus. When she applied to a bank for a mortgage loan, she learned that her title was defective. She then acquired by quitclaim deed dated June 16, 1932, all the right, title, and interest of one Howard D. Mitchell, an heir of the original grantor to Buffum, in the whole tract covered by the plan.

A small cottage was subsequently built upon the locus by someone other than the petitioner. The respondents purchased their interest on June 5, 1945, from one Kirk paying $394.20 for the land, the cottage, and $50 worth of furniture. Between that date and 1954 they repaired and reconditioned the cottage, "increasing its value considerably." Each summer the petitioner occupied her own cottage and knew of these improvements. For the two or three years preceding the hearing in 1955 she lived there throughout the year. The cottages are less than one hundred feet apart. In 1948 the petitioner told the respondents, who charged her with trespassing, that she claimed an interest in the locus. These proceedings resulted.

The judge in his report of material facts stated: "I find that there can be no division of the property by metes and bounds which would be advantageous to the cotenants and that the partition must be by sale and a division of the proceeds. In the answer filed by the attorney for the Munroes, the equitable defence of laches was pleaded. I ruled that laches did not exist and that if it did exist it is not applicable and is not a proper defence to a petition for partition." The laches alleged in the answer of the respondents was on the part of the petitioner's grantor, Mitchell, and on the part of the petitioner herself, who "has delayed twenty-three years" to assert her interest. The answer contained a prayer that if it should be found that the peti-

tioner has a one-ninth interest, proper compensation should be awarded for the improvements made by them, and the petitioner should be limited to a one-ninth interest in lots 5 and 6 as valued in 1932. The decree appointed a commissioner to make the sale "and when sold [to] distribute and pay over the net proceeds . . . in such a manner as to make the partition just and equal."

The phrase "just and equal" is derived from G. L. (Ter. Ed.) c. 241, § 31.[1] See also §§ 14 and 15 of that chapter. It means just and equitable. *Dakan* v. *Dakan,* 125 Texas, 305. The equality is not absolute, but is an equality according to the respective rights of the parties in interest. *Smith* v. *McDonald,* 1 Buch. 261.

We do not find it necessary to pass upon the rulings as to laches. There is nothing in the reported evidence respecting laches on the part of Mitchell. That issue is out of the case. As far as the petitioner is concerned, the real issue is not laches but a question arising under the law relating to partition, namely, whether the respondents should be awarded compensation, and if so how much, by reason of the increase in the value of the real estate due to the improvements. See *Butrick, petitioner,* 185 Mass. 107, 110; *Sunter* v. *Sunter,* 190 Mass. 449, 456. We infer that the respondents have paid all the taxes since 1945.

The governing law is G. L. (Ter. Ed.) c. 241. *Clough* v. *Cromwell,* 254 Mass. 132, 134. Under § 2 the Probate Court has exclusive jurisdiction of all petitions for partition. See *Ryan* v. *McManus,* 323 Mass. 221, 224; Am. Law of Property, § 6.21, page 96 n. Section 25 reads in part: "The probate court in which a petition has been brought . . . shall have jurisdiction in equity over all matters relating to the partition, and, in case of sale, over the distribution of the proceeds thereof; also to hear and determine all matters of accounting between the parties to the petition in refer-

---

[1] Section 31 reads in part: "In partition proceedings the court may order the commissioners to sell and convey the whole or any part of the land which cannot be divided advantageously, upon such terms and conditions and with such securities for the proceeds of the sale as the court may order, and to distribute the proceeds so as to make the partition just and equal."

ence to the common land . . . . Such jurisdiction may be exercised upon petition according to the usual course of proceedings in the probate court. . . ." Section 23 provides in part: "If the court in which partition proceedings are pending finds that one of the co-tenants has erected any buildings or made other permanent improvements on the common land, it may, if justice and equity so require, award such compensation as it deems proper for the value of such buildings or other improvements, not exceeding, however, the actual amount by which the market value of the common land has been increased thereby; and in awarding such compensation the court may deduct any benefit which the party claiming compensation has received from the common land. The court may make orders and decrees for the enforcement or protection of any such claim." Other jurisdictions allow the payment of compensation for improvements either by statute or at common law. 40 Am. Jur., Partition, § 48. 47 C. J., Partition, §§ 497, 855. 68 C. J. S., Partition, § 139. See cases collected in notes in 1 A. L. R. 1214; 122 A. L. R. 246.

The decree directed the commissioner to make the sale and to "pay over the net proceeds of the sale in such a manner as to make the partition just and equal." We think that the decree should provide that out of the proceeds the respondents be awarded compensation for the amount by which the market value has been increased by the improvements, whether made by them or some predecessor in title subsequent to June 16, 1932, "deduct[ing] any benefit . . . received from the common land" if in excess of any balance due on an accounting for taxes or other items. The decree is modified by including a provision to this effect, and as so modified it is affirmed.

*So ordered.*