GERALD AIELLO *vs.* VIRGIL AIELLO, trustee,[1] & another.[2] No. 04-P-508. June 20, 2005. *Real Property,* Partition. *Contribution. Practice, Civil,* Attorney's fees, Costs.

The petitioner, Gerald Aiello, appeals from the denial of his request for contribution toward attorney's fees and expenses incurred in prosecution of his petition for partition. We agree that the denial of his request was error, and remand for award of an appropriate amount.

Gerald brought a petition in the Probate and Family Court, seeking partition of property the parties (three brothers) owned as tenants in common. As a

---

[1]Of the Sandra, Gina, Nicholas, and Alison Trust.

[2]Robert Aiello, as trustee of the Caroline Grace Aiello Trust.

matter of record title, the parties each held an equal one-third interest in the property. However, in opposition to the petition, the respondents claimed that differential contributions toward the purchase and upkeep of the property entitled them to a higher, and Gerald to a lower, proportionate share. After a two-day trial without a jury, the probate judge concluded that the respondents' claims of disproportionate shares in the property lacked merit but that their "passion for the . . . property" suggested that partition should be accomplished by payment to Gerald of an amount equal to one-third of the value of the property, as established by an appraisal prepared at the direction of one of the respondents but submitted in evidence as part of Gerald's case. The appraisal assigned a value of $2,780,000; Gerald's one-third share accordingly was $926,666.66.

Following the entry of judgment, and the exchange of Gerald's interest for the required payment, Gerald moved for contribution toward his attorney's fees and expenses, as provided in G. L. c. 241, § 22. That statute provides, in pertinent part, that "in case of partition by division [the reasonable expenses and charges of the partition proceedings] shall be paid by the petitioner, who shall be entitled to contribution from the parties to whom shares of the land are set off who take a vested, and not contingent, interest. Such contribution shall be in proportion to the interests of the parties unless the court finds a different proportion more equitable."

On the express terms of the statute, there is little question that Gerald is entitled to some contribution toward his fees. The two salient elements of the statute are mandatory: first, that the petitioner is entitled to contribution toward his reasonable expenses from the other parties who take a vested interest as a result of the partition, and second, that the contribution shall be in proportion to the respective interests of the parties. As to the latter proposition, the statute leaves room for the exercise of some discretion. However, the trial judge made no findings that a different proportion would be more equitable. Moreover, we are not inclined to infer such a determination from his written order, which offers two observations by way of insight to his rationale: (i) that the respondents' objections had not been filed in bad faith; and (ii) that, having received in excess of $900,000 for his one-third share, Gerald possessed the means to pay his own fees. Those factors do not, in our view, constitute proper considerations for equitable adjustment of the expenses of a partition petition under the statute.

Section 22 furnishes an exception to the general American rule that each party to litigation is responsible for its own expenses. The allocation of the expenses of the proceedings among all vested owners, in proportion to their respective interests, appears designed to reflect the common interest each such owner has in the settlement of his interest. A disproportionate allocation of expenses would in fact have the effect of diluting the value of the interest held by the owner forced to bear a higher share of the costs of the proceeding. See generally 2 Belknap, Newhall's Settlement of Estates § 31:9, at 302 (5th ed. 1997).

Against that background, the fact that the respondents did not press their objections in bad faith is of little relevance; the statute erects a presumption that expenses shall be allocated proportionately, so that bad faith does not stand as a prerequisite to the award of fees as it would in some other contexts. See, e.g., G. L. c. 231, § 6F. Similarly, we see nothing in the statute to sug-

gest that a petitioner's entitlement to contribution should be reduced based on his means; indeed, the other vested owners will almost always stand in a comparable financial position (at least in relation to the partitioned property).

In some proceedings, the conduct of the litigation itself may give rise to equitable considerations favoring deviation from the presumptive proportionate allocation (such as, for example, when the petitioner needlessly pursues a course that causes the cost of the proceedings to escalate, or when substantial fees are incurred in resolution of issues unrelated to the partition). We also note that cases in other States that have considered the question limit the apportionment to fees incurred toward matters of common interest, and not to resolution of contested matters between the parties. See, e.g., *Harrison* v. *Kamp*, 403 Ill. 542, 547-548 (1949); *Parrish* v. *Treadway*, 267 Mo. 91, 103 (1916); *Novy* v. *Novy*, 324 Pa. 362, 366 (1936). We leave to the sound discretion of the trial judge, based on appropriate findings, whether such considerations apply in the present case.

Though we agree that the petitioner is entitled to contribution to his fees and expenses in accordance with the statute, we do not accept the petitioner's contention that he is entitled to recover the costs of his appeal. As we have observed, the purpose of the fee shifting provision of G. L. c. 241, § 22, is to apportion the expenses incurred to achieve the common benefit from partition of shared property among the parties receiving that benefit. The present appeal concerns only the petitioner's claim for legal fees and expenses, the partition already having been achieved. The situation is unlike that under statutes such as G. L. c. 93A, see *Yorke Mgmt.* v. *Castro*, 406 Mass. 17, 19 (1989), or G. L. c. 231, § 59H, see *Fabre* v. *Walton*, 441 Mass. 9, 10-11 (2004), in which the purpose of the fee-shifting provision of the statute reflects a public policy to allow private parties to pursue claims that otherwise might escape redress.

The order denying the petitioner's application for attorney's fees and expenses is reversed, and the case is remanded for a determination of the reasonable fees and expenses to be awarded to the petitioner.

*So ordered.*

*Howard M. Brown* for the plaintiff.