## MARILYN L. GONZALEZ *vs.* DIANE B. PIERCE-WILLIAMS.

No. 06-P-785.

Middlesex. January 9, 2007. - April 27, 2007.

Present: GREENBERG, COHEN, & VUONO, JJ.

*Divorce & Separation,* Foreign judgment. *Real Property,* Sale, Partition. *Practice, Civil,* Attorney's fees.

In an action for the partition of real property, a Probate and Family Court judge incorrectly interpreted a Louisiana divorce judgment as only giving the former wife a security interest in that property; thus, this court remanded the case for proceedings that would broaden the scope of evidence to include the beneficial interests of the former wife and the petitioner. [786-788]

In the circumstances of an action for the partition of real property, the petitioner was not entitled to attorney's fees, as such an award would be inequitable as assessed against the respondent, who stood to lose her interest in the relevant property, and who did not pursue her ownership interest in a way that greatly increased the costs incurred. [788-790]

PETITION filed in the Middlesex Division of the Probate and Family Court Department on April 27, 2005.

The case was heard by *Randy J. Kaplan,* J.

*Gerald A. McDonough* for the defendant.

*Stephen B. Rosales* (*Kelly J. Gallagher* with him) for the plaintiff.

GREENBERG, J. A 1985 Louisiana divorce judgment includes a provision whereby the husband, Federico Gonzalez, was to pay $15,000 to Diane B. Pierce-Williams, the wife, "in consideration for relinquishing her ownership interest in the property located . . . in Belmont, Massachusetts." The title to that property was held in their names and that of Federico Gonzalez's mother, Marilyn L. Gonzalez.[1] "[T]he particular method of payment

---

[1] As a matter of record title, while they were married, Federico Gonzalez and Pierce-Williams held a fifty percent interest in the property as tenants by

[was to be] mutually agreed upon before the end of the calendar year of 1985. Both parties pledge[d] to conclude the discussions quickly and to deal in good faith." It was also agreed that "the signing of the papers in which . . . Pierce-Williams [would] reconvey[ ] her interest to Marilyn Gonzales in the property [would] in no event take place before the resolution of this issue."

Nearly twenty years later, in February, 2005, and without any payment to Pierce-Williams, Federico Gonzalez conveyed, for nominal consideration, his undivided twenty-five percent interest in the property to his mother, who then brought the instant action for partition in the Probate and Family Court, seeking the entire amount of the proceeds of any sale of the property. After two days of trial without jury, the probate judge determined that Pierce-Williams's claim of twenty-five percent of the potential proceeds under the record deed lacked merit, her claim being barred by the terms of the Louisiana divorce judgment, which in effect gave her only a security interest in the property. The judge then concluded that Marilyn Gonzalez was entitled to one hundred percent of the proceeds from the sale of the house. The judge also stated that, because of the imminent sale of the property, she would order an escrow of so much of the proceeds required to secure Pierce-Williams's claim, subject to Pierce-Williams commencing a suit against Federico Gonzalez on the Louisiana judgment within six months of the judgment in the instant petition. The judge ordered that $100,000 be placed in escrow.

The question put by Pierce-Williams's appeal is whether the Louisiana divorce judgment forecloses her twenty-five percent undivided interest in the proceeds of the 2005 sale of the property. There is a subsidiary issue involving the award of attorney's fees incurred by Marilyn Gonzalez in bringing the partition proceeding.

1. Essentially the issue here is whether the judge's interpretation of the Louisiana divorce judgment as it affects Pierce-

the entirety as an undivided one-half interest in the property jointly with Marilyn Gonzalez, who held the remaining fifty percent undivided interest. Following the divorce, Pierce-Williams and Federico Gonzalez each held a twenty-five percent interest in the property.

Williams's interest in the property is correct. A plain reading of the pertinent portion of the divorce judgment convinces us that a mistake was committed by the judge's interpretation. As noted above, with minor differences, the judgment here states that under the divorce judgment "[Pierce-Williams] was to receive $15,000[ ] as consideration for relinquishing her ownership interest in the [p]roperty, in a method to be mutually agreed upon before the end of the calendar year 1985." Contrary to the judge's conclusions, however, Pierce-Williams did not, by virtue of this language, have a mere security interest in the property. Rather, she was to receive consideration from Gonzalez to compensate her for giving up property rights, but only if they could reach an agreement as to the method of payment. Because this condition was never fulfilled, and she never received compensation, the disposition of the property did not change, and she was entitled to keep her individual interest in the property. See *Bush* v. *Bush*, 402 Mass. 406, 409 (1988).

"Confronted with a petition for partition, a coowner may attempt to show that his beneficial interest is 'different from that indicated by the record title.' " *Moat* v. *Ducharme*, 28 Mass. App. Ct. 749, 751 (1990), quoting from *Asker* v. *Asker*, 8 Mass. App. Ct. 634, 638 (1979). At bottom, the purpose of partition proceedings is to balance the rights and equities of the parties concerning the property at issue. *Batchelder* v. *Munroe*, 335 Mass. 216, 218 (1957). We emphasize these basic principles as having particular relevance to this appeal.

At the outset of the bench trial, the judge improperly limited the trial of this matter only to the enforcement of the Louisiana divorce judgment, which, as stated above, she opined entitled Pierce-Williams to a cash payment of $15,000, her only interest in the property as security for the payment. Pierce-Williams and Marilyn Gonzalez were then precluded from presenting any evidence concerning their respective rights and beneficial interests. *Ibid.* Such evidence is relevant and material to a just and equitable division of the property.

Relying upon *Sanborn* v. *Johns*, 19 Mass. App. Ct. 721 (1985), Marilyn Gonzalez argues that after twenty years of Pierce-Williams not pursuing enforcement of the 1985 divorce decree, it would be inequitable for her to realize any profits from the

increased market value of the property. In *Sanborn*, we affirmed the probate judge's decision and noted that the case presented an "unusual situation." *Id.* at 725. There, the probate judge credited the husband for expenses he incurred to maintain and improve the property at issue and also determined that the husband should not be charged with rent. *Id.* at 724. The judge also implicitly recognized that the omission from the divorce decree of language relating to the transfer of the property from the wife to the husband was inadvertent.

Fundamentally, the *Sanborn* case is distinguishable from the situation here because the wife in *Sanborn* was supposed to convey her interest to the husband. Here, it is Federico Gonzalez's recalcitrance in not making the original $15,000 payment that has left division of the property to be determined on the basis of the appreciated value of Pierce-Williams's interest in 2005.

In these circumstances a remand is required. The scope of the evidence on remand should be broadened to include the beneficial interests of Pierce-Williams and Marilyn Gonzalez to determine if the division of the property should be "different from that indicated by the record title." *Asker* v. *Asker*, 8 Mass. App. Ct. at 638, 640. See G. L. c. 241, §§ 23, 25, 26.

2. In addition to ruling that Marilyn Gonzalez would receive one hundred percent of the proceeds from the partition sale of the property, the judge ordered Pierce-Williams to pay all legal fees incurred by Marilyn Gonzalez in the partition proceeding. We conclude that such a result would be inequitable in the circumstances of this case.

The award of costs and attorney's fees in an action for partition is governed by G. L. c. 241, § 22.[2] "Section 22 furnishes an exception to the general American rule that each party to

---

[2]General Laws c. 241, § 22, states in pertinent part as follows:

"The reasonable expenses and charges of partition proceedings, including . . . the fees of counsel, . . . shall be determined by the court, and in case of sale paid by the commissioners out of the proceeds; and in case of partition by division shall be paid by the petitioner, who shall be entitled to contribution from the parties to whom shares of the land are set off . . . . Such contribution shall be in proportion to the interests of the parties unless the court finds a different proportion more equitable. Costs may also be awarded under section forty-five of chapter two

litigation is responsible for its own expenses. . . . [T]he purpose of the fee shifting provision of G. L. c. 241, § 22, is to apportion the expenses incurred to achieve the common benefit from partition of shared property among the parties receiving that benefit." *Aiello* v. *Aiello*, 63 Mass. App. Ct. 914, 915-916 (2005). Thus, the purpose of G. L. c. 241, § 22, is different from that of other fee-shifting provisions, such as G. L. c. 231, § 6F, which seek to punish a party for acting in bad faith. *Aiello* v. *Aiello, supra* at 915.

"In some proceedings, the conduct of the litigation itself may give rise to equitable considerations favoring deviation from the presumptive proportionate allocation . . . ." *Id.* at 916. This case is not one of those situations. There is no indication on the record that Pierce-Williams pursued the matter in a way that greatly increased the costs incurred.[3] *Ibid.* Absent such conduct, it would be contrary to the purpose of the statute's fee-shifting provision to require Pierce-Williams, who stood to lose her interest in the property under the judge's ruling, to pay the fees incurred by Marilyn Gonzalez.

Marilyn Gonzalez argues that G. L. c. 215, § 45, provides authority for the award. Her reliance is misplaced. "Chapter 215, § 45, permits awards of costs in declaratory judgment actions in Probate Court only when such actions concern matters relating to wills and estates . . . ." *G.E.B.* v. *S.R.W.*, 422 Mass. 158, 173 (1996), quoting from *Fuss* v. *Fuss (No. 1)*, 372 Mass. 64, 71 (1977). See *United Tools & Indus. Supply Co.* v. *Torrisi*, 359 Mass. 197, 199 (1971). Because G. L. c. 215, § 45, is limited to wills and estates, that statute is not applicable here.

It follows that the judge below was in error, both in assessing legal fees and in concluding that the Louisiana divorce decree could limit Pierce-Williams to pursuing an action on that judgment, thereby foreclosing an assessment of her actual twenty-five percent interest in the Belmont marital property adjusted by such factors as noted above. Accordingly, the judgment is

---

hundred and fifteen. Execution may issue for said contribution and costs."

[3] Even if the conduct of the proceeding caused the judge to allocate all costs to Pierce-Williams, we would be hard-pressed to uphold the decision because the judge included no explanation of her decision with regard to fees.

vacated, and the case is remanded to the Probate and Family Court for such proceedings as are consistent with this opinion.

*So ordered.*