NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1337

MARK A. HOOPER

vs.

KRISTINE M. FERNANDES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On a petition to partition property, a Probate and Family Court judge divided the proceeds from the sale of a property formerly owned as tenants in common by the plaintiff, Mark Hooper, and the defendant, Kristine Fernandes. Hooper appeals and contends that the judge failed to credit him with payments he made to cover all the carrying costs of the property after Fernandes stopped making any contributions. We affirm.

Background. On January 18, 2018, the parties, who never married, purchased property in Sagamore as tenants in common for $489,000. They shared equally in the down payment, mortgaged the property as co-borrowers, and initially shared all expenses related to the home. Months later, in October 2018, Fernandes

prematurely gave birth to their daughter.  The daughter and Fernandes suffered from medical issues following childbirth, and Fernandes took a six-month maternity leave before returning to work on a part-time basis.  From 2019 through early 2020, Fernandes contributed to less than half of the mortgage payments and household expenses.  Hooper and Fernandes ended their relationship in December 2019.  In May 2020, Hooper refinanced the mortgage and continued making all mortgage payments while Fernandes paid nothing.  Fernandes moved out of the property in December 2020, leaving Hooper as the sole occupant.

In January 2021, Hooper filed a petition to partition in the Probate and Family Court.  Thereafter, the parties agreed to list the property for sale, Fernandes obtained a referral fee from a broker, the judge authorized the sale of the property, and the property sold for $710,000 on May 25, 2023.  Counsel for Fernandes held the net sale proceeds of $269,250.42 in escrow pending a determination by the judge.  In June 2023, the case proceeded to a trial, and the judge divided the escrowed funds between Hooper ($145,878.98) and Fernandes ($123,371.44).  Hooper appealed.

Discussion.  "[T]he purpose of partition proceedings [under G. L. c. 241] is to balance the rights and equities of the parties concerning the property at issue."  Gonzalez v. Pierce-Williams, 68 Mass. App. Ct. 785, 787 (2007).  The judge is

2

tasked with making a "just and equitable" division "according to the respective rights of the parties." Batchelder v. Munroe, 335 Mass. 216, 218 (1957). "The equality is not absolute, but is an equality according to the respective rights of the parties in interest." Id. There is a rebuttable presumption that partitioned property should be divided equally, and "the burden of showing that a departure from equal division is appropriate rests with the party who seeks the departure." Canepari v. Pascale, 78 Mass. App. Ct. 840, 844 (2011). The judge has "considerable leeway in making an equitable division." Id. After examining the record, including the judge's rationale, we discern no error or abuse of discretion.

Hooper argues that the judge's decision arbitrarily provided a "windfall" to Fernandes who contributed "almost nothing" to meet the carrying costs of the property between 2019 and the sale in 2023. Far from being arbitrary, the decision showed that the judge carefully considered whether departure from the presumption of equal division would be appropriate. The judge attempted to discern the expectations of the parties and found that there was no written contract that identified "the terms of the handling of expenses of the home or any other details of their co-ownership." In the absence of a written agreement, the judge credited testimony that showed the parties shared the expenses of the property up until the birth of their

3

child.  The judge found it "unclear what the understanding was between them once the parties' child was born" in 2018, but Fernandes cared for the child full-time for six months before returning to work on a part-time basis.  Fernandes' contributions from late 2019 through early 2020 amounted to "less than half" of what was necessary to cover property expenses.  Given the lack of clarity in the parties' agreement and the burden of proof placed upon Hooper, the judge was not bound to accept Hooper's contention that equal division (or in this case near-equal division) was inappropriate.

We also note that this is not a case where the judge neglected to consider Hooper's payments of carrying costs during a period when Fernandes made no contributions at all.  Judges must consider whether payment of carrying costs (such as mortgage payments, taxes, and insurance) incurred to preserve the common estate, may become a "windfall" to the noncontributing tenant who fails to bear a proportional share of the costs.  Stylianopoulos v. Stylianopoulos, 17 Mass. App. Ct. 64, 69-70 (1983).  Here, the judge considered this possibility and adjusted the division of the sale proceeds to avoid such a windfall.  She added $21,087.53 to Hooper's share of the sale proceeds to account for his mortgage principal payments from January 2020 through May 2023.  Apart from the carrying costs, the judge also added $1,420 to Hooper's share to account for

4

one-half of a finder's fee that Fernandes received from the real estate broker.  Thus, the record shows that the judge understood the range of her discretion and duly exercised it.  While Hooper suggests other formulations could have been better, it "is plainly not an abuse of discretion" simply because a different result could have been reached.  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).  See Canepari, 78 Mass. App. Ct. at 846 ("judge should begin with the presumption of equal division" and adjust "to the extent that the party seeking the adjustment carries his or her burden"); Sanborn v. Johns, 19 Mass. App. Ct. 721, 724 (1985) ("choice of charges to be made and their allocation varies according to the circumstances").

Decree affirmed.

By the Court (Blake, Walsh & Hodgens, JJ.[1]),

Clerk

Entered:  November 18, 2024.

---

[1] The panelists are listed in order of seniority.

5